# In the United States Court of Federal Claims

No. 12-858 C
(Filed: December 14, 2012)

```
*************************************
SEAN F. ALLICOCK,                    *
                                     *
                  Plaintiff,         *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                  Defendant.         *
*************************************
```

## OPINION AND ORDER

On December 10, 2012, plaintiff filed a complaint in this court, in which he essentially requested that this court order the government to allow him to remain in the United States. For the reasons discussed below, the court dismisses plaintiff's complaint.

## I. BACKGROUND

In his complaint, plaintiff requests that his "deportation order be lifted"; (2) "permanent resident [status] be restored and [he be] given the opportunity to apply for citizenship"; and (3) "in [the] absence of [a] decision[,] that this court enter [a] temporary injunction staying of deportation order until [this] case is adjudicated." He cites the following as providing this court with jurisdiction: Amendments One, Eight, Eleven, and Fourteen to the United States Constitution ("Constitution"); various articles of the "Universal Declaration of Human Rights"; various articles of the "American Convention on Human Rights"; 28 U.S.C. §§ 1343, 1367, 1391, 1920, and 2245; and 42 U.S.C. §§ 1981, 1983, and 1988.

On October 19, 2012, plaintiff had filed a complaint in the United States Court of Federal Claims ("Court of Federal Claims"), in which he also sought injunctive relief allowing him to remain in the United States, or $2 million for civil rights violations. See Allicock v. United States, No. 12-715 C, 2012 WL 5995245 (Fed. Cl. Nov. 29, 2012). That case was assigned to the Honorable Francis M. Allegra, who dismissed the complaint because the court lacked subject matter jurisdiction. In that opinion, the Court of Federal Claims, citing supporting case law, explained that it did not have jurisdiction to entertain the various claims made by plaintiff: (1) civil rights claims that are not based upon an appropriate money-mandating provision; (2) claims involving immigration matters; (3) claims based on the First and Eleventh Amendments to the Constitution because those amendments do not provide a basis for a money judgment; and (4) claims under the Eight Amendment to the Constitution unless they involve excessive bail, which plaintiff had not asserted. See id.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

With his complaint, plaintiff submitted an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declare that they are unable to pay the fees or give the security, and state the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff, a prisoner, indicates on his application, under penalty of perjury, that he has not received any money, does not have any cash, and does not own any valuable property. However, plaintiff has not satisfied all statutory requirements. First, he has not stated the nature of his action in his application. Nevertheless, because his complaint contains a sufficient description of his claim, the court concludes that plaintiff has satisfied this requirement. Further, while plaintiff has not provided a certified copy of his trust fund account statement, it is apparent to the court that plaintiff does not have significant assets. The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee.

Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

---

[1] While the Court of Federal Claims is not considered a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny an application to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (2006) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing, inter alia, the court to adjudicate applications to proceed in forma pauperis pursuant to § 1915).

### III. LEGAL STANDARDS

#### A. <u>Pro Se</u> Plaintiff

The Court of Federal Claims holds pleadings of a <u>pro se</u> plaintiff to less stringent standards than litigants represented by counsel. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." <u>Ruderer v. United States</u>, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." <u>Minehan v. United States</u>, 75 Fed. Cl. 249, 253 (2007); <u>see also</u> <u>Kelley v. Sec'y, U.S. Dep't of Labor</u>, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for <u>pro se</u> litigants only."); <u>Bernard v. United States</u>, 59 Fed. Cl. 497, 499 (noting that <u>pro se</u> plaintiffs are not excused from satisfying jurisdictional requirements), <u>aff'd</u>, 98 F. App'x 860 (Fed. Cir. 2004). As the court explained in <u>Demes v. United States</u>, "[w]hile a court should be receptive to <u>pro se</u> plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002).

#### B. Subject Matter Jurisdiction

Subject matter jurisdiction, which is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case," <u>Matthews</u>, 72 Fed. Cl. at 278, may be challenged at any time by the parties, by the court <u>sua sponte</u>, or on appeal, <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir. 2004). The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936). The court "consider[s] the facts alleged in the complaint to be true and correct." <u>Reynolds v. Army & Air Force Exch. Serv.</u>, 846 F.2d 746, 747 (Fed. Cir. 1988); <u>see also</u> <u>Henke v. United States</u>, 60 F.3d 795, 797 (Fed. Cir. 1995) (recognizing the court's obligation to "assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor"); <u>cf.</u> <u>Betz v. United States</u>, 40 Fed. Cl. 286, 290 (1998) (noting that the court is not required to accept plaintiff's framing of the complaint and that it should "look to plaintiff's factual allegations to ascertain the true nature of the claims"). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. <u>Reynolds</u>, 846 F.2d at 748. If the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Rule 12(h)(3) of the Court of Federal Claims ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

#### C. The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. <u>Jentoft v. United States</u>, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing <u>United States v. King</u>, 395 U.S. 1, 3 (1969)). The scope of this court's jurisdiction to entertain claims and grant relief depends upon the extent to which the United States has waived its sovereign immunity. <u>King</u>, 395 U.S. at 4. In "construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." <u>Fid. Constr. Co. v. United States</u>, 700 F.2d 1379, 1387 (Fed. Cir.), <u>cert. denied</u>, 464 U.S. 826 (1983). A waiver of

sovereign immunity "cannot be implied but must be unequivocally expressed." King, 395 U.S. at 4. Unless Congress consents to a cause of action against the United States, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." United States v. Sherwood, 312 U.S. 584, 587-88 (1941).

The Tucker Act confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act waives the sovereign immunity of the United States for claims for money damages, it "itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion). The separate source of substantive law must constitute a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). The court "may not entertain claims outside this specific jurisdictional authority." Adams v. United States, 20 Cl. Ct. 132, 135 (1990).

## IV.  DISCUSSION

Plaintiff's complaint raises allegations over which this court does not have jurisdiction. As an initial matter, the court does not have jurisdiction to entertain claims involving immigration matters. See 28 U.S.C. §1491; Telemaque v. United States, No. 11-397 C, 2011 WL 2582201 at *4 (Fed. Cl. June 29, 2011). Plaintiff also cites to the Universal Declaration of Human Rights and the American Convention on Human Rights, but the court does not have jurisdiction to hear allegations of human rights violations that are not based on money-mandating statutes. See Prophet v. United States, 106 Fed. Cl. 456, 464 (2012) (finding that the American Convention on Human Rights is not a money-mandating statute, regulation, or constitutional provision that allows for jurisdiction in this court); Pikulin v. United States, 97 Fed. Cl. 71, 77-78 (2011) (stating that the Universal Declaration of Human Rights does not create any substantive rights enforceable against the government).

Further, to the extent that plaintiff's claim is based on the First and Eleventh Amendments to the Constitution, the court lacks jurisdiction to grant relief since those amendments do not provide a basis for a money judgment. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983); Cox v. United States, 105 Fed. Cl. 213, 217 (2012); Fullard v. United States, 78 Fed. Cl. 294, 301 n.12 (2007). Moreover, while the Court of Federal Claims can consider claims under the Eighth Amendment, Morse Diesel Int'l, Inc. v. United States, 79 Fed. Cl. 116, 129 (2007), plaintiff asserts no claims involving excessive bail. Finally, this court does not have jurisdiction over claims that are based on the Fourteenth Amendment. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Finally, plaintiff also cites sections of the United States Code in arguing that this court can hear his allegations. He cites 28 U.S.C. §§ 1343, 1367, and 1391. However, all of these

-4-

sections of title 28 apply to federal district courts. Plaintiff also cites 42 U.S.C. §§ 1981, 1983, and 1988 as providing this court with jurisdiction to hear his allegations. These sections of the United States Code, however, do not provide this court with jurisdiction to hear plaintiff's allegations. See Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) (holding that the Court of Federal Claims does not have jurisdiction over actions arising under sections of the Civil Rights Acts, including 42 U.S.C. §§ 1983 and 1988); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.").

In sum, this court lacks jurisdiction over plaintiff's complaint.

## V. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction. In addition, the court **GRANTS** plaintiff's application to proceed in forma pauperis, but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as set forth above. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge